IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURIE LEE LOGSDON-JAMES,

            Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

            Defendant.

                            6:14-cv-00845-BR

                            OPINION AND ORDER

KATHRYN TASSINARI
DREW L. JOHNSON
1700 Valley River Drive
Eugene, OR 97401
(503) 686-1969

               Attorneys for Plaintiff

BILLY J. WILLIAMS
Acting United States Attorney
RONALD K. SILVER
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1000

1   OPINION AND ORDER

**DAVID MORADO**
Office of the General Counsel
**JEFFREY R. MCCLAIN**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104
(206) 615-2732

       Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Laurie Lee Logsdon-James seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits DIB) under Titles XVI and II of the Social Security Act (the Act).  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

<u>**ADMINISTRATIVE HISTORY**</u>

     Plaintiff previously applied for Disability Insurance Benefits, but that claim was denied by an Administrative Law Judge (ALJ) on August 2, 2007.  Tr. 11.[1]

---

    [1]Citations to the official transcript of record filed by the Commissioner on September 29, 2014, are referred to as "Tr."

Plaintiff filed her current applications for DIB and SSI on September 28, 2010, alleging a disability onset date of August 1, 2003.  Tr. 156.[2]  Plaintiff's applications were denied initially and on reconsideration, and she requested a hearing. Tr. 121-25, 128-33.  On October 16, 2012, an ALJ conducted a hearing.  Tr. 32.  Plaintiff, Plaintiff's husband, and a vocational expert (VE) testified at the hearing, and Plaintiff was represented by an attorney.

On November 8, 2012, the ALJ issued her written opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 11-23.  On March 28, 2014, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was 49 years old on September 30, 2011, her date last insured.  Tr. 21.  Plaintiff dropped out of high school after completing the tenth grade and later earned a GED. Tr. 38, 377.  Plaintiff has past relevant work experience as a rural mail carrier.  Tr. 57.

---

[2]Because of Plaintiff's prior application and denial of benefits, the current period at issue begins August 3, 2007. Tr. 11.

Plaintiff alleges disability due to major depression, anxiety, obsessive compulsive disorder, obesity, cervical degenerative disc disease, reactive airway disease, and carpal-tunnel syndrome.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 14-16, 19-20.


## <u>STANDARDS</u>

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medical determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are

4   OPINION AND ORDER

supported by substantial evidence in the record as a whole.  44
U.S.C. § 405(g); *see also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion." *Molina*, 674 F.3d at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of
evidence] but less than a preponderance." *Id.* (citing
*Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's
findings if they are supported by inferences reasonably drawn
from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th
Cir. 2012).  The court may not substitute its judgment for that
of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070
(9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

6    OPINION AND ORDER

regular and continuing basis despite her limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,
at *1.  In other words, the Social Security Act does not require
complete incapacity to be disabled.  *Taylor v. Comm'r of Soc.
Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair
v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv),
416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here
the burden shifts to the Commissioner to show a significant
number of jobs exist in the national economy that the claimant
can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d
1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this
burden through the testimony of a VE or by reference to the
Medical-Vocational Guidelines set forth in the regulations at 20
C.F.R. part 404, subpart P, appendix 2.  If the Commissioner

meets this burden, the claimant is not disabled.  20 C.F.R. §§
404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity from her potential onset date of
August 3, 2007, through her date last insured of September 30,
2011.  Tr. 13.

At Step Two the ALJ found Plaintiff has the following
severe impairments:  reactive airway disease; right carpal-
tunnel syndrome status post release; obesity; cervical
degenerative disc disease; major depressive disorder; anxiety;
cannabis abuse; and obsessive-compulsive disorder.  Tr. 13.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1.  Tr. 15.  The ALJ found Plaintiff has the RFC to

> perform light work in that she can lift and carry
> 25 pounds occasionally and 10 pounds frequently,
> stand and walk up to six hours of an eight-hour
> workday and has no limitation on sitting.  She   can
> occasionally climb ladders, ropes and  scaffolds, and
> occasionally crawl and kneel.  She    can have no
> exposure to unprotected heights.  She  can frequently
> use the right upper extremity for  grasping, reaching,
> feeling and manipulating.    The claimant can have no
> exposure to extremes in  temperature.  Exposure to
> gasses, fumes, dusts,    etc., is to be no greater
> than that generally     found in an ordinary office
> environment.  Work  should be isolated, with no public
> contact,  occasional coworker contact, no group tasks,

> and occasional supervisor contact. She can
> understand, remember and carry out only simple
> instructions that can be learned in 30 days or
> less.

Tr. 17.

At Step Four the ALJ concluded the Plaintiff was unable to perform her past relevant work as a rural mail carrier. Tr. 21. At Step Five the ALJ concluded there were jobs that existed in significant numbers in the national economy that the claimant could have performed. Tr. 21. Specifically, the ALJ found Plaintiff, in light of her RFC, would have been able to perform the requirements of representative occupations such as office helper, mail clerk (private business), and security guard. Tr. 22. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to give clear and convincing reasons for rejecting Plaintiff's testimony; (2) failed to include the mental limitations identified by William A. McConochie, Ph.D., an examining psychologist, in the RFC assessment; (3) failed to give proper consideration to the opinion of Alison Prescott, Ph.D., another examining psychologist; (4) failed to credit portions of the opinions of the reviewing agency psychologists; and (5) failed to meet her burden to prove that Plaintiff retains the ability to perform "other work" in the national economy.

9   OPINION AND ORDER

I.   **Reasons for Rejecting Plaintiff's Testimony**

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but he concluded Plaintiff's "statements concerning

the intensity, persistence and limiting effects of these symptoms are not credible." Tr. 18.

The ALJ found Plaintiff's "self-reports to treating sources and her presentation at consultative examinations and at hearing are not consistent with her alleged degree of limitation." Tr. 20. The ALJ noted at appointments with treating sources that Plaintiff "reported being happy, depression was mild, anxiety was well controlled with medications and she was observed to be very pleasant," which the ALJ found "consistent with her demeanor at hearing--she was quite social and chatty, laughing at times, and did not exhibit any signs of anxiety in a very stressful situation with people with whom she was unfamiliar." Tr. 20 (citations to record omitted).

The ALJ noted there was a significant contrast between Plaintiff's reports of a "'high' degree of depression and anxiety in the records of Mr. Johnson at Options Counseling during about five months of counseling" and Plaintiff's report two months later to Robert Carolan, M.D. Tr. 19. Dr. Carolan described Plaintiff as "very frank about her problems and they are not overly severe," and he termed her condition "long-term mild depression." Tr. 19.

The ALJ also stated in September 2011, just prior to Plaintiff's date last insured, Plaintiff "reported she 'generally feels happy,'" and even though she had "self-

diagnosed herself with PTSD," she "has accepted the situation and is attempting to move on." Tr. 19.  In 2012 the ALJ also noted "Plaintiff reported that anxiety was well controlled with Effexor, that she intermittently used Ativan and that while she could be happier, she did not want an increase in medications." Tr. 19 (citations to the record omitted).

The ALJ further pointed out that Plaintiff had maintained typical daily activities despite her alleged social limitations. Tr. 19.  The ALJ also noted Plaintiff alleged more difficulties in terms of social and task completion in a 2010 function report than she had in a 2007 function report, and, at the same time, she alleged she had the same problems for many years.  Tr. 18. The ALJ stated "[t]his suggests she may be attempting to portray herself as more limited after being denied benefits several times."  Tr. 18.

The Court concludes the ALJ correctly identified multiple inconsistencies in the record between Plaintiff's allegations, statements to treatment providers, and clinical presentations. The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony in part because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## II.  Dr. McConochie's Opinion

Plaintiff argues the ALJ erred by failing to include limitations identified by Dr. William McConochie in Plaintiff's RFC assessment and in the hypothetical question to the VE.

Dr. McConochie stated in his report that Plaintiff has moderate impairment in her ability to sustain concentration, attention, and persistence and in her ability to engage in appropriate social interaction to the degree that it would cause an employer to warn such an employee that dismissal would be imminent if the behavior did not improve.

Plaintiff contends although the ALJ acknowledged Dr. McConochie's opinion and stated she was giving his assessment "significant weight," the ALJ, nonetheless, only partially addressed Dr. McConochie's opinion in her assessment of Plaintiff's RFC.  Plaintiff argues the ALJ did not fully address Plaintiff's limitations in appropriate social interaction and failed to include any limitations in concentration, persistence, and pace.

The ALJ, however, incorporated Dr. McConochie's assessment of Plaintiff's moderate social limitations by limiting Plaintiff to "isolated" work with "no public contact, occasional coworker contact, no group tasks, and occasional supervisor contact." Tr. 17.  Thus, the ALJ rationally interpreted the social

limitations indicated by Dr. McConochie and accounted for them in her assessment of Plaintiff's RFC.

The ALJ also found Plaintiff had moderate difficulties with regard to concentration, persistence, or pace.  Tr. 16. Accordingly, the ALJ included in his assessment of Plaintiff's RFC that Plaintiff can "understand, remember and carry out only simple instructions that can be learned in 30 days or less." Tr. 17.

A moderate limitation in concentration, persistence, or pace is adequately reflected in a restriction to simple work when a medical opinion has translated that moderate restriction into the more specific functional limitation.  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).  *See also Sabin v. Astrue*, 337 F. App'x 617, 621 (9th Cir. 2009)("[T]he end result of [Plaintiff's] moderate difficulties as to [concentration, persistence, and pace] was that she could do simple and repetitive tasks on a consistent basis.").  Under *Stubbs-Danielson*, the question then "is whether the ALJ's assessment of Plaintiff's RFC and his hypothetical to the VE are supported by substantial evidence in the record." *Saylor v. Astrue*, Case No. 3:10-cv-01313-JE, 2012 WL 3597423, at *4 (D. Or., Aug. 20, 2012).

Here Sandra L. Lundblad, Psy.D., and Megan D. Nicoloff, Psy.D., both opined Plaintiff did not have any significant

limitations in her ability to maintain attention and
concentration; to carry out short and simple instructions, or to
perform 1-3 step tasks.  Tr. 99, 117.  Dr. McConochie noted
Plaintiff demonstrated "adequate attention and concentration for
a [sic] simple tasks."  Tr. 445.  Bill Hennings, Ph.D., also
opined Plaintiff "is able to understand and follow simple
tasks."  Tr. 473.  Dr. Prescott stated Plaintiff "showed good
short term memory" and "good concentration," and she "appeared
to be of Average intellectual function and is aware she is
fairly intelligent."  Tr. 593.

Thus, the Court concludes on this record that the ALJ did
not err because the ALJ's assessment of Plaintiff's RFC and the
hypothetical to the VE were supported by substantial evidence in
the record and were appropriately limited to simple and routine
work, and the ALJ adequately incorporated Dr. McConochie's
opinion into the Step Three and RFC findings.

**III. Dr. Prescott's Opinion**

Plaintiff also argues the ALJ erred by failing to fully
credit the opinion of Dr. Prescott, examining psychologist.

An ALJ may reject an examining or treating physician's
opinion when it is inconsistent with the opinions of other
treating or examining physicians if the ALJ makes "findings
setting forth specific, legitimate reasons for doing so that are
based on substantial evidence in the record."  *Thomas v.*

*Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957; *see also Lester*, 81 F.3d at 830-32.

The ALJ gave Dr. Prescott's opinion "some weight."  Tr. 20.  Specifically, the ALJ accepted Dr. Prescott's opinion that Plaintiff should avoid contact with the public and have limited contact with co-workers due to her "'significant' impairment in adaptive functioning in terms of social/interpersonal domains," and the ALJ reflected this part of Dr. Prescott's opinion in the ALJ's assessment of Plaintiff's RFC.  Tr. 20.

The ALJ, however, rejected Dr. Prescott's conclusion that Plaintiff "would not likely function well dealing with the public or around coworkers/supervision" because "these vague limitations are not entirely consistent with the claimant's self-reported level of activity and continued independence despite her alleged extreme socially based restrictions." Tr. 20.  Moreover, as the ALJ noted, the limitations identified by Dr. Prescott were "vague" and did not provide a specific functional limitation that would be useful in formulating the RFC assessment.  Finally, to the extent that Dr. Prescott's

opinion may be construed as precluding *any* contact with coworkers or supervisors, it appears to conflict with Dr. McConochie's finding of moderate restriction in social functioning.

On this record the Court concludes the ALJ did not err when he gave only "some weight" to Dr. Prescott's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**IV.  Reviewing Agency Psychologists' Opinions**

Plaintiff also argues the ALJ erred by failing to credit portions of the opinions of reviewing agency psychologists Drs. Lundblad, Nicoloff, and Henning.  The Commissioner concedes the ALJ erred by not discussing their opinions, but contends the error does not merit reversal of the ALJ's decision.

The court may not reverse an ALJ's decision based on an error that is harmless, and it is the claimant's burden to establish error and to show that it was harmful.  *Molina*, 674 F.3d at 1111.  Here Plaintiff has failed to meet her burden to show harmful error with respect to the ALJ's failure to comment on the reviewing agency psychologists' reports.  *See Ludwig*, l681 F.3d at 1054 (error is harmless when the claimant fails to show at least a substantial likelihood of prejudice).  *See also Molina*, 674 F.3d at 1115 (error is harmless when it is inconsequential to the nondisability determination in light of

17  OPINION AND ORDER

the record as a whole); *Carmickle v. Comm'r, Soc. Sec. Admin.*,
533 F.3d 1155, 1162 (9th Cir. 2008)(error is harmless if the
nondisability determination remains supported despite the
error).

Plaintiff contends Drs. Lundblad and Nicoloff concluded
Plaintiff was "moderately" limited in accepting instructions and
responding appropriately to criticism by supervisors.  Tr. 99,
117.  Plaintiff argues the ALJ erred because the limitation in
Plaintiff's RFC to "occasional" supervisor contact does not
address Plaintiff's limitations in responding appropriately to
supervisor criticism.  Both Drs. Lundblad and Nicoloff
concluded, however, that despite Plaintiff's moderate limitation
and the fact that she "would do better in an individual work
environment," she "is capable of occasional general public,
coworker, supervisory contact."  Tr. 99, 118.  Thus, the ALJ's
restriction of Plaintiff to "no group tasks" and only occasional
supervisor contact accounted for the limitations described.

Plaintiff argues Dr. Henning opined Plaintiff would be able
to sustain adequate attention, concentration, and pace "in a
slow pace setting," which the ALJ failed to mention in her
decision and failed to incorporate into her assessment of
Plaintiff's RFC or the hypothetical to the VE.  Tr. 473.  As
noted, however, the ALJ's assessment of Plaintiff's RFC and the
hypothetical to the VE were supported by substantial evidence in

18  OPINION AND ORDER

the record and were appropriately limited to simple and routine work.  Accordingly, any error the ALJ made in failing to articulate a specific reason to afford Dr. Henning's opinion less weight was harmless, and Plaintiff has not demonstrated the outcome would have been different.

**V.    Plaintiff's Ability to Perform "Other Work" in the National Economy**

Plaintiff argues the ALJ erred at Step Five based on his evaluation of Plaintiff's credibility and the medical opinion evidence.  Plaintiff contends if the ALJ had properly credited Dr. McConochie's opinion, Plaintiff's credibility, and the reviewing agency psychologists' opinions, the resulting hypothetical the ALJ would have proposed to the VE would have eliminated Plaintiff's ability to perform the jobs identified. As noted, however, the Court finds the ALJ did not err in these respects.  Accordingly, the ALJ's Step Five finding is correct.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 11th day of June, 2015.

 /s/ Anna J. Brown

ANNA J. BROWN
United States District Judge


19  OPINION AND ORDER